### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

VALARIE HIBBARD                         )
                                        )
                    Plaintiff,          )
                                        )
                                        )   Case No. CIV-20-189-JFH-KEW
                                        )
COMMISSIONER OF THE SOCIAL              )
SECURITY ADMINISTRATION,                )
                                        )
                    Defendant.          )

### REPORT AND RECOMMENDATION

Plaintiff Valarie Hibbard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge recommends that the Commissioner's decision be REVERSED and REMANDED.

### Claimant's Background

The Claimant was 55 years old at the time of the ALJ's decision. She had a high school education and had completed some EMT training. She had worked in the past as a cake decorator, poultry quality grader, dump truck driver, waitress, and a temperature control person. The Claimant alleges her inability to work began on November 6, 2015. She initially claimed that this

1

inability stemmed from a stroke, other visual disturbances, and foot surgery.

### Procedural History

On October 12, 2016, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied upon reconsideration. The Claimant filed a written request for a hearing. The first hearing was scheduled for October 15, 2018, but the hearing was postponed at the Claimant's request so she could find representation. The hearing was held on April 29, 2019, in Fort Smith, Arkansas, in front of ALJ Glenn A. Neel. ALJ Neel entered an unfavorable decision on June 11, 2019. The Claimant requested a review by the Appeals Council. The Council denied this request on April 20, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two the ALJ found the

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

Claimant had the following severe impairments:

> mild degenerative change of the lumbar spine/lumbar spondylosis, fibromyalgia, osteoarthritis of multiple joints/polyosteoarthritis, carotid artery stenosis, obesity, bilateral planter fasciitis/enthesopathy of the bilateral feet status post-right plantar fascial release, chronic obstructive pulmonary disease (COPD), hypertension, tricuspid valve insufficiency, peripheral vascular disease, congestive heart failure, mild nonobstructive coronary artery disease, obstructive sleep apnea and history of cerebrovascular accident/transient ischemic accident.

(Tr. 38-39). The ALJ determined that the Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 40). Then, between steps three and four, the ALJ determined that the Claimant had the following RFC:

> [T]he [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ramps and stairs but could never climb ladders, ropes, and scaffolds. She could occasionally balance, stoop, kneel, crouch and crawl. In addition, the [C]laimant had to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation and hazards, including no driving as a part of work.

---

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where the claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(Tr. 43). The ALJ then concluded that the Claimant could return to her past relevant work as a waitress. (Tr. 48). Even though the ALJ determined that the Claimant could return to her past relevant work, he still identified alternative jobs for the Claimant that existed in significant numbers in the national economy. (Tr. 48). These jobs included a mail room clerk, merchandise marker, furniture rental clerk, lobby attendant, and a dealer account investigator. (Tr. 49). The ALJ then determined that the Claimant was not disabled. (Tr. 49-50).

## Errors Alleged for Review

The Claimant asserts that the ALJ erred in three ways. First, the Claimant asserts that the ALJ should have found her impairments were equivalent to Listing 3.02. Second, the Claimant asserts that the ALJ's RFC determination is not supported by substantial evidence. Finally, the Claimant asserts that the ALJ should not have determined she could return to her past relevant work.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

4

engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA,* 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Listing 3.02

The Claimant first contends that the ALJ should have determined that her impairments were of listing-level severity and were of equivalent severity to Listing 3.02. At step three of the sequential evaluation process, an ALJ is required to determine whether a claimant's impairment "is equivalent to one of a number of listed impairments that the Secretary acknowledges as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). An impairment is considered "medically equivalent" to a listing if there are other findings related to an impairment "that are at least of equal medical significance to the required criteria." 20 C.F.R. § 416.926(b)(1)(ii). The ALJ is required to discuss the evidence and explain why he found Claimant was not disabled at step three. *Id.*

It is a claimant's burden to establish that her impairments meet or equal a listed impairment. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To do so, a claimant must meet **all** of the criteria of the listed impairment. An impairment that manifests only some of the listing criteria, no matter how severely, does not meet or equal the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). "[W]hether the findings for an individual's impairment meet the requirements of an impairment in the listings is usually more a question of medical fact than a

question of medical opinion... In most instances, the requirements of listed impairments are objective, and whether an individual's impairment manifests these requirements is simply a matter of documentation." *Avery v. Astrue*, 313 Fed.Appx. 114, 121 (10th Cir. 2009) (quoting Soc. Sec. R. 96–5p).

Listing 3.02 addresses respiratory disorders. To meet Listing 3.02, a Claimant must show that she had a forced expiratory volume ("FEV1") value below a certain threshold for her height. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). For an individual with Claimant's height, an FEV1 value of 1.15 or lower meets Listing 3.02. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). The Claimant admits that in August of 2016, she had a pulmonary function test, at which she had a FEV1 of 1.38 and a FVC of 1.68, which is higher than those required to meet the listing severity. (Tr. 591). But she contends that the ALJ should still have held that she met the listing because her impairments are equivalent to the listings. This contention mainly relies on a pulmonary function test performed four months after the expiration of her insured status. (Tr. 592). The Court agrees with the Commissioner that even if this test was within the necessary time frame, it would not be a valid test that could be used to determine that she met the requirements of Listing 3.02. *See* 20 C.F.R. pt. 404 subpt. P, app 1, § 300E.2. This Court also rejects the Claimant's argument

that she need not manifest all the criteria as it is directly contrary to the case law, which requires that all criteria be met. *See e.g., Sullivan,* 493 U.S. at 530 (If an impairment manifests only some of the criteria, no matter how severely, it does not qualify).

This Court finds no error in the ALJ's determination that the Claimant's impairment or combination of impairments did not medically equal the severity of Listing 3.02.

### RFC Determination

The Claimant makes various assertions for why the ALJ's RFC determination is not supported by substantial evidence. First, she alleges that an RFC which permits light works goes against the weight of the evidence. Second, she asserts that the ALJ ignored evidence which supported limitations based on arthritic deformities in her hands. Finally, she alleges that the ALJ did not properly evaluate her subjective complaints.

[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work

activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The Court agrees that the ALJ failed to properly consider the Claimant's documented arthritic deformities. Therefore, the RFC is not supported by substantial evidence. While the Court agrees with the Commissioner's contention that the ALJ did acknowledge that the Claimant had some impairments that impacted her hand, the Court does not agree that any error made concerning Claimant's hands would not warrant a remand. The ALJ did find that the Claimant's alleged hand impairments were not severe because "they [were] not established by the medical evidence prior to the claimant's date last insured." But this is incorrect. On June 12, 2015, Dr. Robert G. Bishop, M.D. did point out deformities in Claimant's hands. (Tr. 660). He also noted Claimant's complaints of pain in her hands. (Tr. 660).

The Commissioner tries to paint this mistake as a technical one. He claims that since the ALJ considered osteoarthritis of multiple joints and discussed the Claimant's complaints of pain in her hands, this is a technical mistake. But the Court disagrees. While the ALJ did consider osteoarthritis of other joints and explained why he did not include limitations for it, he did not do so for the Claimant's hands. (Tr. 43-48). His failure to consider the Claimant's hand pain is significant because some of the jobs the ALJ found the Claimant could perform, such as a waitress, mailroom clerk, and merchandise marker would be eliminated if the Claimant's RFC included limitations to account for the arthritis in her hand. (Tr. 48-49; 96-98). This mistake requires remand.

Further, the Commissioner claims that there was no error since the ALJ discussed the Claimant's complaints of hand pain when he assessed her subjective complaints. This argument also fails because while the ALJ addressed the pain in the Claimant's hands, he said it was not supported by objective evidence. (Tr. 45). Since Dr. Bishop's notes indicate arthritis in the Claimant's hands, this is evidence that could potentially support the Claimant's subjective complaints. (Tr. 660). Yet, the ALJ failed to consider it. On remand, the ALJ should address limitations associated with the documented arthritic deformities in the Claimant's hands and explain his basis for including or excluding any limitations in the RFC. The ALJ should also reconsider his evaluation of the

10

Claimant's subjective complaints because the assessment of her subjective complaints of pain and other symptoms is tied closely to the RFC determination. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined").

Finally, the Claimant contends that since the ALJ erred in his RFC determination, his conclusion at step four is not supported by substantial evidence. This is correct. On remand, the ALJ should fully consider the evidence regarding the Claimant's hand deformities and fully explain why specific impairments do not result in limitations in the RFC. He should then determine what work the Claimant can perform, if any, or if she is disabled.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

review of this decision by the District Court based on such findings.

DATED this 27th day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE